**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 23-33-DLB**

**RICHARD WILLIAM TILLIE-TOLER**                             **PETITIONER**

**v.**              **MEMORANDUM OPINION AND ORDER**

**DAVID LeMASTER, Warden,**                                  **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Richard Tillie-Toler has filed a *pro se* petition for a writ of habeas corpus to challenge disciplinary sanctions imposed against him by the Bureau of Prisons. (Doc. # 1). He has also filed documentation indicating that payment of the five dollar filing fee is forthcoming. (Doc. # 1-1 at 28).

The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Tillie-Toler's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

1

In July 2022, a prison guard searched the cell assigned to Tillie-Toler and another inmate. Inside of a laundry sack, the guard found a bottle of pills with Tillie-Toler's name printed on it. While the bottle's label indicated that it contained low-dose aspirin, the pills inside were yellow, round, and imprinted with the letters "A1." The guard confiscated the pills, which medical staff later identified as Zolpidem Tartrate, a prescription controlled substance used to treat insomnia. When confronted with the fact that he did not have a prescription to possess such pills, Tillie-Toler stated that he received the pills from the pharmacy and had been taking the pills believing them to be aspirin. Unconvinced, prison staff charged Tillie-Toler with Prohibited Act Code 113 for possession of narcotics. (Doc. # 1-1 at 12-20).

A Disciplinary Hearing Officer ("DHO") held a hearing on the charges on August 9, 2022. During the hearing, Tillie-Toler reiterated his position that "when I filled my prescription, those pills were in the bottle when they gave them to me." (Doc. # 1-1 at 22). The DHO nonetheless found Tillie-Toler guilty of the charge, relying upon the reporting officer's statement in the Incident Report that the pills were found in a bottle with Tillie-Toler's name on it, as well as a photograph of the pill bottle and a chain of custody form. The DHO also relied upon a memorandum from the medical department identifying the pills and stating that they are not authorized at FCI-Ashland. The DHO imposed various sanctions including the loss of good conduct time. *Id*. at 23-25.

The Court pauses to note that this action represents Tillie-Toler's second effort to challenge the disciplinary sanctions. The Court dismissed his first petition without prejudice for failure to pay the required filing fee or seek *pauper* status. *See Tillie-Toler v. LeMaster*, No. 23-CV-21-DLB (E.D. Ky. 2023). Pertinent here, in the first case Tillie-

Toler included one DHO Report with his petition: an Amended Report issued on September 22, 2022.  *See* (Doc. # 1-1 therein at 13-16).  But Tillie-Toler did not include that Amended Report in his current petition.  Instead, he included two copies of an earlier version of the DHO Report, both issued on August 24, 2022, which were superseded by the Amended Report.  *See* (Doc. # 1-1 at 1-4, 22-25).  Importantly, the DHO made a statement in the Amended Report, which was notably absent from the earlier versions Tillie-Toler presented in this case, regarding the memorandum from the prison's medical department.  According to the DHO, the medical department stated that "This medication is not carried at FCI Ashland pharmacy so there would not be any question about a dispensary error."  *See Tillie-Toler*, No. 23-CV-21-DLB (Doc. # 1-1 therein at 15).  The Court considers this information when reviewing Tillie-Toler's petition.[1]

Tillie-Toler appealed the DHO's decision to the Mid-Atlantic Regional Office ("MARO"), contending that the pill bottle was found in a common area and therefore other inmates had access to it.  He further stated that he believed the pills were aspirin.  (Doc. # 1-1 at 7-8).  MARO denied the appeal, noting that:

> The reporting staff member clearly stated that while conducting-a search of your area·J03-030, he searched a shelf containing a laundry sack which was positively identified belonging to you by 1 pill bottle for Aspirin 80MG with your name and registration number on it, inside of the laundry sack. Inside the pill bottle contained 25 small, yellow and round pills bearing A1 on one side.  Medical staff identified the pills as Zolpidem Tartrate extended

---

[1] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").  Such records and information on government websites are self-authenticating. *See* Fed. R. Evid. 902(5); *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself.").

>release 12.5 MG. and stated you do not have an active prescription for these pills.

(Doc. # 1-1 at 10). Tillie-Toler then appealed to the BOP's Central Office, again challenging the sufficiency of the evidence. He also asserted - for the first time - that the reporting officer was obligated to report his discovery to the medical department as a prescription error pursuant to BOP Program Statement ("PS") 6360.01 rather than charge him with a disciplinary offense. (Doc. # 1-1 at 27). Tillie-Toler indicates in his petition that the Central Office has not responded to his appeal within the time permitted by regulation. (Doc. # 1 at 6). He therefore deems it denied. *See* 28 C.F.R. § 542.18.

In his petition, Tillie-Toler again challenges the sufficiency of the evidence to convict him and repeats his argument that the referenced Program Statement required the BOP to treat the situation as a simple error in dispensing his medication. (Doc. # 1 at 5-6). However, the Court will deny relief because Tillie-Toler's petition and the materials he has filed in support of it establish that his disciplinary conviction was entered in full conformity with his due process rights.

When a prisoner believes that he was deprived of sentence credits for good conduct without due process of law, he may invoke this Court's habeas corpus jurisdiction under 28 U.S.C. § 2241. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Before such credits are taken, due process requires that the inmate be given:

(1) written notice of the charges against her at least 24 hours before the administrative hearing on the charges;

(2) a hearing before an impartial decision-maker;

(3) assistance from a competent inmate or staff member, if the inmate requests one and she will likely be unable to present a defense because she is illiterate or the case is too complex for her to comprehend;

4

> (4) the opportunity to call witnesses and present documentary evidence, if doing so would not jeopardize institutional safety or correctional goals; and
>
> (5) a written statement by the hearing officer explaining the evidence relied upon and the basis for the decision.

*Wolff v. McDonnell*, 418 U.S. 539, 564-70 (1974). Tillie-Toler does not contend that he was denied any of these rights.

Due process also requires the prison disciplinary board's decision to be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Because the quantum of evidence required to meet that standard is minimal, the reviewing court need not re-examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. Instead, it need only confirm that "there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Id*. at 454-55 (emphasis added); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

Tillie-Toler challenges the sufficiency of the evidence to convict him, contending that the laundry sack containing the pill bottle was found in a common area where other inmates could access it. The Court construes this argument as a claim that prison officials did not have sufficient evidence that he possessed the pills. But courts have consistently rejected such arguments in the context of prison disciplinary proceedings. *Cf. Hill*, 472 U.S. at 457 (disciplinary sanction against two prisoners for assaulting another inmate supported by sufficient evidence where they were part of a group of three inmates seen fleeing the scene, even where there was no direct evidence identifying which of them committed the assault); *Denny v. Schultz*, 708 F.3d 140, 145 (3d Cir. 2013) ("the

5

discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell, including depriving that inmate of his or her liberty interest in good time credits."); *Hamilton v. O'Leary,* 976 F.2d 341, 345 (7th Cir. 1992) ("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical."); *Horton v. Hemingway*, No. 21-1388, 2021 WL 5183547, at *2 (6th Cir. Nov. 8, 2021) (affirming denial of habeas relief where prisoner was sanctioned after SIM card was found in common area of cell prisoner shared with another inmate). Here, because the pill bottle had Tillie-Toler's name printed on it and was found hidden in a laundry bag in a cell he shared with one other inmate, the DHO certainly had "some basis in fact" to conclude that the pills belonged to Tillie-Toler. *See Hill*, 472 U.S. at 456

Tillie-Toler's effort to invoke PS 6360.01 as a basis to avoid responsibility for his conduct fails, both as a matter of fact and as a matter of law. Section 10 of the Program Statement provides procedures for staff to monitor and report medication errors, and indicates that such review will be conducted "in a **blame-free** manner and focus primarily on systems ... rather than on individuals." PS 6360.01 §10(c) (emphasis in original). Tillie-Toler contends that he should have been considered blameless for what he asserted was a medication error by the pharmacy.

Tillie-Toler made no such claim in his initial appeal to MARO, and he therefore failed to properly exhaust that claim administratively. *See* 28 C.F.R. § 542.14; *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). In any event, Tillie-Toler's

6

assertion that the prison's pharmacy gave him the drug by accident is refuted by the record: the prison pharmacy does not even carry Zolpidem Tartrate in its formulary. *See Tillie-Toler*, No. 23-CV-21-DLB (Doc. # 1-1 therein at 15).

Further, the focus of PS 6360.01 is to provide guidelines for pharmacists and related healthcare staff to follow when carrying out the internal operations of a prison's pharmacy. These include detailed rules for tracking and dispensing controlled substances and prescription drugs. Section 10(c) clearly indicates that when a medication error is discovered, the focus of the pharmacy should be on improving systems and procedures rather than blaming the pharmacist or health care provider who made the mistake. Nothing in Section 10(c) suggests that an *inmate* should necessarily be held blameless when they possess a drug that has not been prescribed for them. Lastly, even if Tillie-Toler's strained interpretation were accepted, an agency's failure to strictly comply with its own policies does not violate due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *United States v. Rutherford*, 555 F.3d 190, 192 (6th Cir. 2009) ("The Constitution does not demand a bright-line rule whereby every breach of federal administrative policy also violates the Due Process Clause."). Because Tillie-Toler must establish that his constitutional rights have been violated to obtain relief, an asserted violation of the BOP's internal policies does not assist him.

Accordingly, it is **ORDERED** as follows:

(1) The Court **DENIES** the habeas corpus petition (Doc. # 1) filed by Richard William Tillie-Toler.

(2) This action is **STRICKEN** from the Court's docket.

7

This 29th day of March, 2023.



Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\Tillie-Toler 0-23-33 Memorandum.docx